BESSIE A. TOLMAN AND GRACE T. DAVIDSON, BENEFICIARIES UNDER THE
LAST WILL AND TESTAMENT OF SAMUEL A. TOLAN, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

INHERITANCE TAX—*when refund will be made.* Where an inheritance
tax is assessed against an estate, and paid, and afterwards claims are
allowed against the estate and are paid, and upon proper proceedings the
original order is modified by reason of the payment of such claims, the
claimant is entitled to a refund under Sections 8 and 10 of Inheritance Tax
Law.

INTEREST ON REFUND—*when not allowable.* Interest on a refund can
only be allowed under Section 25, of Inheritance Tax Law, it cannot be al-
lowed under Sections 8 and 10 of that law.

Edward J. Brundage, Attorney General, for State.

The claimants, Bessie A. Tolman and Grace T. Davidson file this
cailm to recover back a portion of inheritance taxes paid in the Samuel
A. Tolman estate.

The said decedent died June 4, 1919, a resident of the city of
Chicago, Cook County, Illinois, and on June 24, 1919, the Chicago
Trust Company and John A. Davidson were duly appointed executors
of the last will and testament of said deceased, by order of the Probate
Court in said county of Cook, and as such they duly qualified and made
proper distribution of the estate as provided by the will.

On December 15, 1921, said executors made final report which was
approved, and they were discharged from further duties as such
executors.

Under the terms and provisions of said will, the Chicago Trust
Company, John A. Davidson, Jr., and Raymond M. Ashcraft were
appointed trustees of the estate of the said decedent, and are now
acting as trustees of the estate of the said Samuel A. Tolman, deceased.

The appraiser appointed by the Court, reported appraising the
estate at one million twenty-nine thousand five hundred eighty-eight
and 75/100 ($1,029,588.75) dollars, and the total tax due thereunder
was eighteen thousand five hundred eighty-one and 77/100 ($18,581.77)
dollars.

After the distribution as aforesaid of the legacies from which the
inheritance taxes were deducted by the executors, certain debts were
proven against the estate and paid, and on proper proceedings in Court,
of which the Attorney General had due notice the. fair cash net value
of said estate was revised and a new schedule made, greatly reducing the
amount as shown by the record in evidence.

The order modifying the original order and assessing the tax against Bessie A. Tolman at $2,223.76 and Grace T. Davidson at $6,673.98, the amounts actually due upon said interests under said order (less 5% discount) being $2,112.57 and $6,340.28 respectively, it is apparent from the records in evidence that there is a refund due on said payment of $217.01 and $8,897.32 respectively.

The Attorney General admits the correctness of the records as aforesaid, and consents to awards in the amounts last expressed respectively.

The claimants, however, claim in their petition the right to collect "legal interest from the date the said sums were so wrongfully paid," as is contended by them.

The entire amount was legally collected by virtue of a valid order of assessment as shown by the original order of the Court, from which no appeal was taken. It is evident that claimants' right of refund in this particular case is based upon Sections 8 and 10 of the Inheritance Tax Laws, the fair intendment of which is that the State shall make proper refund on account of debts proved after assessment and payment; but no provision is made therein for the payment of interest.

Interest at the rate of 3% per annum is allowable only when the claim for refund is brought under Section 25 of the statute where a less tax becomes due by reason of the happening or non-happening of contingencies, upon which the interests assessed depend, which is not apparent in this case, and accordingly no interest will be allowed.

The claimants are awarded the following sums respectively, viz.: Bessie A. Tolman, two hundred seventeen and 01/100 ($217.01) dollars, and Grace T. Davidson, eight thousand eight hundred ninety-seven and 32/100 ($8,897.32) dollars, for which sums the Court recommends appropriations and payment.